**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GRACE CHRISTINE LUCERO,

    Plaintiff,

vs.                                      15-cv-1098

ALLSTATE INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

    COMES NOW, Defendant Allstate Insurance Company, by and through its undersigned attorneys, Simone, Roberts & Weiss, P.A., by Stephen M. Simone and hereby files its Notice of Removal and in support thereof states the following:

    1. Plaintiff commenced this lawsuit against Allstate by filing her Complaint as Grace Christine Lucero versus Allstate Insurance Company, in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause No. D-202-CV-2015-08312.

    2. Plaintiffs' lawsuit is a civil action which alleges, inter alia, that Allstate breached its fiduciary duty, breached a covenant of good faith and fair dealing, violated the Trade Practices and Fraud Article of the Insurance Code, and violated the Unfair Practices Act all arising out of a claim uninsured motorist coverage, further arising out of an automobile accident which occurred on or about February 14, 2012, in Albuquerque, New Mexico. Plaintiff seeks compensatory and punitive damages.

    3. A true and correct copy of all process, pleadings, and orders served upon Allstate relating to this matter are attached hereto as Exhibit A as provided by 28 U.S.C. § 1446(a).

    4. On or about November 6, 2015, Plaintiffs served Allstate with a copy of the Summons

and Complaint, through the Department of Insurance. A copy of the letter from the Superintendent of Insurance to Allstate is attached as part of Exhibit A, which stated that service had been accepted on behalf of Allstate as of November 6, 2015. Aside from the material in Exhibit A, Allstate is not aware of any other process, pleadings, or orders served upon Allstate in this action.

5. Allstate files this Notice of Removal within thirty (30) days of Allstate's receipt of Plaintiff's Complaint and it is therefore timely under 28 U.S.C. § 1446(b).

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the District of New Mexico embracing the place where the state court action is pending.

7. This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

8. At the time the Complaint was filed on October 30, 2015, Plaintiff resided and continue to reside in Sandoval County, State of New Mexico. Plaintiff, thus, was and continues to be a citizen of the State of New Mexico.

9. At the time the Complaint was filed on October 30, 2015, and served on Defendant Allstate on November 6, 2015, Defendant Allstate was and continues to be a corporation organized and existing under the laws of the State of Illinois. Allstate's principal place of business was and continues to be Northbrook, State of Illinois. A corporation is a citizen of the state where it is incorporated and "where it has its principal place of business." 28 U.S.C. § 13 32(c)(1). Allstate, thus, was and continues to be a citizen of the State of Illinois.

10. Based on the foregoing, there is diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a).

11. A District Court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs…." 28 U.S.C. § 1332(a).

12. The Plaintiff's Complaint alleges damages, but does not allege a specific amount of damages. Where a complaint does not contain dispositive allegations of the amount in controversy, a defendant may determine the jurisdictional amount by the allegations in the underlying complaint. *Id.* at 955; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

13. A calculation of the amount in controversy includes both compensatory and punitive damages. *Watson v. Blakinship*, 20 F.3d 383, 386 (10th Cir. 1994) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)). This calculation may include a reasonable estimate of attorney's fees, as long as a statute permits recovery of such. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)); *see also* 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3712 (3d ed. 2009). The calculation also includes treble damage claims. *See Dairyland*, 143 F.3d at 1340.

14. Plaintiff has expressed in his Complaint that he is entitled to damages greater than $75,000, exclusive of interest and costs. Specifically, Plaintiff claims compensatory and punitive damages in addition to attorney's fees, pursuant to the Unfair Claims Practices Act and the Unfair Trade Practices Act.

15. Based on the foregoing, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a), and, accordingly, meets this Court's jurisdictional requirement.

## CONCLUSION

16. This state court action may be removed to this Court by Defendant in accordance with the provisions of 28 U.S.C. § 1441(a) and (b) because (1) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Mexico; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been given to Plaintiffs' counsel, and a Notice of Filing for Removal has been filed with the Second Judicial District Court, attached hereto as Exhibit B.

WHEREFORE, Defendant Allstate gives notice that this case is removed from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully submitted,

SIMONE, ROBERTS & WEISS, P.A.

/s/ Stephen M. Simone
Stephen M. Simone
1700 Louisiana Blvd., N.E., Suite 240
Albuquerque, NM 87110
Work Phone:  (505) 298-9400
Fax:    (505) 298-7070
Email:        ssimone@srw-law.com

I HEREBY CERTIFY that on the  4th  day of  December , 2015, a true and correct copy of the foregoing pleading was filed electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the

Notice of Electronic Filing:

Thomas J. Mescall II
Mescall Law Firm PC
5201 Constitution Ave NE
Albuquerque, NM 87110-5813
tom@mescalllaw.com
Phone (505) 765-5548
Facsimile (505) 765-2303

/s/ Stephen M. Simone
Stephen M. Simone