CT Corporation

**Service of Process Transmittal**
11/30/2015
CT Log Number 528246442

**TO:**   Jeff Grossinger
Allstate Insurance Company
MCO Office, 222 S. Mill Avenue
Tempe, AZ 85281

**RE:**   **Process Served in New Mexico**

**FOR:**   Allstate Insurance Company  (Domestic State: IL)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Grace Christine Lucero, Pltf. vs. Allstate Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summonses, Return(s), Complaint, Certification, Demand, First Set of Interrogatories, Second Set of Interrogatories, Third Set of Interrogatories, First Set of Request, Certificate of Service |
| **COURT/AGENCY:** | Second Judicial District Court, Bernalillo County, NM<br>Case # D202CV201508312 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for Policy Benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Santa Fe, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/30/2015 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | No later than 30 days from the date of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Thomas J Mescall, II<br>5201 Constitution Avenue NE<br>Albuquerque, NM 87110<br>505-765-5548 |
| **REMARKS:** | Documents were served upon the New Mexico Department of Insurance on 11/06/2015 and forwarded to CT Corporation. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/01/2015, Expected Purge Date: 12/06/2015<br><br>Image SOP<br><br>Email Notification, Jeff Grossinger  cdvfx@allstate.com<br><br>Email Notification, Milt Thulin  Milt.Thulin@allstate.com<br><br>Email Notification, John Darabaris  cd2w6@allstate.com<br><br>Email Notification, Jason Hayes  jay.hayes@alllstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1012 Marquez Pl Unit 106B<br>Santa Fe, NM 87505-1833 |

Page 1 of  2 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.


EXHIBIT
A

 CT Corporation

**Service of Process Transmittal**
11/30/2015
CT Log Number 528246442

TO: Jeff Grossinger
Allstate Insurance Company
MCO Office, 222 S. Mill Avenue
Tempe, AZ 85281

RE: **Process Served in New Mexico**

FOR: Allstate Insurance Company  (Domestic State: IL)

TELEPHONE:                        360-357-6794

Page 2 of  2 / RR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



UNITED STATES POSTAL

$ 08.55°
0002°0856¹
MAILED FROM ZIP CODE 875²¹



c/o CT Corp. System

CTCO123   875012014-1A15
NOTIFY SENDER OF NEW ADDRESS  11/25/15
:CT CORPORATION SYSTEM
1012 MARQUEZ PL UNIT 106B
SANTA FE NM 87505-1833



CERTIFIED MAIL

7012 3460 0000 1398 6110

Office o
Service
P. O. Box 1689
Santa Fe, NM 87504-1689

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF INS.**
**John G. Franchini – (505) 827-4299**

**Service of Process**
**Room 434**
**(505) 827-1291**

**DEPUTY SUPERINTENDENT**
**Robert Doucette – (505) 827-5832**

November 6, 2015

Allstate Insurance Company
C/O CT Corp. System
123 East Marcy St. Ste. 201
Santa Fe, NM  87501

Re:   Grace C. Lucero Vs Allstate Insurance Company
      D202CV2015-08312

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Complaint for Damages for Breach of Insurance Duties, Plaintiff's Certification Regarding Arbitration under to LR2-603, Jury Demand, First Set of Interrogatories to Defendant Allstate Insurance Company, Second Set of Interrogatories to Defendant Allstate Insurance Company, Third Set of Interrogatories to Defendant Allstate Insurance Company, First Request for Production to Defendant Allstate Insurance Company and a Certificate of Service, in the State of New Mexico on the above styled cause. Service has been accepted on your behalf as of November 6, 2015.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7012 3460 0000 1398 6110

**SUMMONS**

District Court: Second Judicial District
Bernalillo County, New Mexico

Case Number: D-202-CV-2015-08312

Court Address: 400 Lomas NW,
                    Albuquerque, NM 87102

Judge: The Honorable Denise Barela Shepherd

Court Telephone No.: (505) 841-7438

Plaintiff(s): Grace Christine Lucero

v.

Defendant(s): Allstate Insurance Company

Defendant
Name: **Allstate Insurance Company**
c/o John Franchini, Superintendent of Insurance
Address:
P.O. Box 1689
Santa Fe, NM 87504-1689

## TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6.      If you need an interpreter, you must ask for one in writing.
7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org: 1-800-876-6657; or 1-505-797-6066.

Dated:  11/3/2015

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
        Chris Peck, Deputy

_____
Thomas J. Mescall, II
*Attorney for Plaintiff*
5201 Constitution Avenue, NE
Albuquerque, NM 87110
(505) 765-5548, phone
(505) 765-2303, fax
tom@mescalllaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS

1

**RETURN**[1]

STATE OF NEW MEXICO     )
                         )ss
COUNTY OF _____   )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____ _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1 -004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* and by mailing by first class mail to the defendant at _____ _____*(insert defendant's last known mailing address)* a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address).*

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person).*

[ ]   to_____*(name of person),*_____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees:     _____

_____
Signature of person making service

_____
Title (if any)

2

Subscribed and sworn to before me this _____ day of _____, _____.

_____
Judge, notary or other officer
authorized to administer oaths

_____
Official title

## USE NOTE

1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

3.

(Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1,2005; by Supreme Court Order 07-8300-16, effective August 1,2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7,2013.)

**NOTICE OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY**

| | |
|---|---|
| TITLE OF ACTION: | Grace Christine Lucero, Pltf. vs. Allstate Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Summonses, Return(s), Complaint, Certification, Demand, First Set of Interrogatories, Second Set of Interrogatories, Third Set of Interrogatories, First Set of Request, Certificate of Service |
| COURT/AGENCY: | Second Judicial District Court, Bernalillo County, NM, Case # D202CV201508312 |
| NATURE OF ACTION: | Insurance Litigation - Claim for Policy Benefits |
| PROCESS SERVED ON: | C T Corporation System, Santa Fe, NM |
| DATE/METHOD OF SERVICE: | By Certified Mail on 11/30/2015 postmarked: "Illegible" |
| JURISDICTION SERVED : | New Mexico |
| APPEARANCE OR ANSWER DUE: | No later than 30 days from the date of service (Document(s) may contain additional answer dates) |
| ATTORNEY(S)/SENDER(S): | Thomas J Mescall, II<br>5201 Constitution Avenue NE<br>Albuquerque, NM, 87110<br>505-765-5548 |
| SIGNED BY: | C T Corporation System<br>1012 Marquez Pl Unit 106B<br>Santa Fe, NM, 87505-1833<br>360-357-6794 |
| ACTIONS: | CT has retained the current log, Retain Date: 12/01/2015, Expected Purge Date: 12/06/2015<br>Image SOP<br>Email Notification, Jeff Grossinger cdvfx@allstate.com<br>Email Notification, Milt Thulin Milt.Thulin@allstate.com<br>Email Notification, John Darabaris cd2w6@allstate.com<br>Email Notification, Jason Hayes jay.hayes@alllstate.com |
| REMARKS: | Documents were served upon the New Mexico Department of Insurance on 11/06/2015 and forwarded to CT Corporation. |

Access this Service of Process in real-time at
http://www.ctadvantage.com/WebApps/App/SOP/SOPUpdateVerifiedEmail.aspx?WorksheetId=528246442

Information displayed on this notice is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

 CT Corporation

FILED IN MY OFF
DISTRICT COURT CLI
10/30/2015 3:12:21
James A. N
Chris P

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**GRACE CHRISTINE LUCERO,**

    **Plaintiff,**

**v.**                             **No.**    D-202-CV-2015-08312

**ALLSTATE INSURANCE COMPANY,**

    **Defendant.**

## COMPLAINT FOR DAMAGES
## FOR BREACH OF INSURANCE DUTIES

### Introduction

    Plaintiff Grace Lucero is bringing this action against her insurance company, Defendant Allstate Insurance Company ("Allstate"), for breach of its duty to settle her claim for uninsured motorist coverage.

### Parties, Venue, and Jurisdiction

1. Plaintiff Grace Lucero resides in Sandoval County, New Mexico.

2. At the time of the arbitration, Ms. Grace Lucero was known by her maiden name as Grace Kramer.

3. Defendant Allstate is a registered foreign insurer with an agent designated for service in Santa Fe County, New Mexico.

4. The car collision giving rise to Ms. Lucero's claim for uninsured motorist coverage occurred in Bernalillo County.

5. All of the arbitration and settlement proceedings involving Ms. Lucero's claim for uninsured motorist coverage occurred in Bernalillo County.

6. Jurisdiction is proper in this Court.

7.    Venue is proper in this Court.

### General Allegations

8.    On April 12, 2013, Ms. Lucero made a claim for uninsured motorist coverage with Allstate for a hit and run accident that occurred on February 14, 2012.

9.    At the time of the collision, Ms. Lucero was insured by Allstate.

10.   A police report confirmed that a hit and run driver had T-boned Ms. Lucero on her driver's side while she was driving in the Cottonwood Mall parking lot.

11.   And an independent witness confirmed that Ms. Lucero was T-boned by a hit and run driver who was driving a full-size 4 x 4 SUV while crossing through the parking lanes, cutting through traffic, and speeding.

12.   The liability of the hit and run driver was undisputed by Allstate.

13.   On January 23, 2014, Allstate offered to settle Ms. Lucero's claim in full for $10,500.

14.   However, in response to repeated pressure, Allstate conceded that $10,740 constituted the uncontested value of her claim, and so Allstate paid Ms. Lucero $10,740 on February 12, 2014, as the uncontested value of her claim.

15.   Allstate knew that this $10,740 offer would barely cover Ms. Lucero's medical bills of $10,612.

16.   And therefore, Allstate obviously knew that this $10,740 failed to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, and future medical bills.

17.   Allstate made no settlement offers between February 2014 and June 2015.

18.   The only other settlement offer from Allstate was an "Offer of Settlement" of an additional $50,000 made on June 25, 2015--two weeks before the July 9th

Arbitration and two years after Allstate received notice of Ms. Lucero's claim for uninsured motorist coverage.

19. The policy limit of Ms. Lucero's UIM coverage was $150,000.

20. Ms. Lucero finally arbitrated her uninsured claim on July 9, 2015, in Albuquerque, New Mexico.

21. On July 11, 2015, the Arbitration panel awarded Ms. Lucero $83,000 in compensatory damages.

22. On September 20, 2015, the Arbitration panel awarded Ms. Lucero $8,427.51 for costs incurred.

## Count I
## Breach of Fiduciary Duty

23.   As her insurer, Allstate owes a fiduciary duty to Ms. Lucero.

24.   As part of this fiduciary duty, Allstate has a duty to act with the highest degree of honesty and loyalty towards Ms. Lucero.

25.   As part of this fiduciary duty, Allstate also has a duty of utmost good faith, trust, confidence, and candor.

26.   However, Allstate breached its fiduciary duty by offering only $10,740 to settle Ms. Lucero's claim for uninsured motorist coverage.

27.   Allstate knew that this $10,740 offer would barely cover Ms. Lucero's medical bills of $10,612.

28.   And therefore, Allstate obviously knew that this $10,740 failed to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, and future medical bills.

29.   By offering only $10,740 to resolve Ms. Lucero's uninsured claim, Allstate breached its fiduciary duty by misrepresenting that $10,740 was sufficient to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, past medical bills, and future medical bills.

30.   In addition, Allstate waited until the eleventh hour--two weeks before Arbitration and two years after Allstate received notice of Ms. Lucero's claim for uninsured motorist coverage--to make a settlement offer of an additional $50,000.

## Count II
## Breach of Covenant of Good Faith and Fair Dealing

31. As Ms. Lucero's insurer, Allstate is obligated by the covenant of good faith and fair dealing.

32. Allstate breached the covenant of good faith and fair dealing, and acted in bad faith, by offering only $10,740 to settle Ms. Lucero's claim for uninsured motorist coverage, which is a frivolous and unfounded offer.

33. Allstate knew that this $10,740 offer would barely cover Ms. Lucero's medical bills of $10,612.

34. And therefore, Allstate obviously knew that this $10,740 failed to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, and future medical bills.

35. In addition, Allstate waited until the eleventh hour--two weeks before Arbitration and two years after Allstate received notice of Ms. Lucero's claim for uninsured motorist coverage--to make a settlement offer of an additional $50,000.

## Count III
## Violation of the Trade Practices and Fraud Article
## of the Insurance Code:
## Section 59A-16-20(C)

36. Allstate is obligated to comply with section 59A-16-20 of the New Mexico Unfair Insurance Practices Act.

37. Section 59A-16-20(C) prohibits Allstate from "failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies."

38. Allstate violated Section 59A-16-20(C) by unreasonably delaying proceedings that could have resolved Ms. Lucero's claims.

39. Allstate waited two years to take an Independent Medical Examination (IME) of Ms. Lucero.

40. Allstate then used this IME as an excuse to delay proceedings that could have resolved Ms. Lucero's claims.

41. First, Allstate delayed the January 26, 2015, mediation to obtain an IME--even though this case had been pending for a year and Allstate could have taken an IME at any time.

42. Next, Allstate delayed the April 8th Arbitration, in part, because the IME needed to be completed before the case could be ready for arbitration, and Allstate claimed there was not sufficient time to complete the IME within the time deadline set by the Arbitrators--even though this case had been pending for a year and Allstate could have taken an IME at any time.

43. Then, Allstate postponed the May 20th Arbitration due to the unavailability of Allstate's expert witness who conducted the IME.

44. In addition, Allstate waited until the eleventh hour--two weeks before Arbitration and two years after Allstate received notice of Ms. Lucero's claim for uninsured motorist coverage--to make a settlement offer of an additional $50,000.

## Count IV
## Violation of the Trade Practices and Fraud Article
## of the Insurance Code:
## Section 59A-16-20(E)

45.   Section 59A-16-20(E) prohibits Allstate from "not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear."

46.   The liability of the hit and run driver was undisputed, and so liability was clear.

47.   Allstate violated 59A-16-20(E) by offering only $10,740 to settle Ms. Lucero's claim for uninsured motorist coverage, which is a frivolous and unfounded offer.

48.   Allstate knew that this $10,740 offer would barely cover Ms. Lucero's medical bills of $10,612.

49.   And therefore, Allstate obviously knew that this $10,740 failed to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, and future medical bills.

50.   In addition, Allstate waited until the eleventh hour--two weeks before Arbitration and two years after Allstate received notice of Ms. Lucero's claim for uninsured motorist coverage--to make a settlement offer of an additional $50,000.

## Count V
## Violation of the Unfair Practices Act

51.   Allstate is obligated to comply with Section 57-12-2(D)(17) of the New Mexico Unfair Practices Act.

52.   Section 57-12-2(D)(17) of the Unfair Practices Act prohibits Allstate from making "any false or misleading oral or written statement" that involves a "failure to deliver the quality or quantity of goods or services contracted for."

53. By offering the sum of $10,740 to resolve Ms. Lucero's uninsured claim, Allstate violated Section 57-12-2(D)(17) by misrepresenting that $10,740 was sufficient to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, past medical bills, and future medical bills--thereby failing to deliver the quantity of services contracted for.

54. Allstate knew that this $10,740 offer would barely cover Ms. Lucero's medical bills of $10,612.

55. And therefore, Allstate obviously knew that this $10,740 failed to compensate Ms. Lucero for her past pain and suffering, future pain and suffering, and future medical bills.

## Compensatory Damages

56.  As a direct and proximate result of Allstate's misconduct, Ms. Lucero has suffered economic damages.

57.  As a direct and proximate result of Allstate's misconduct, Ms. Lucero has suffered mental anguish.

## Punitive Damages

58.  As documented by *Guest v. Berardinelli*, 2008--NMCA--144, ¶ 16-17, 145 N.M. 186, Defendant Allstate has an institutional policy and practice of defrauding other insureds in the same way that Defendant Allstate defrauded Ms. Lucero.

59.  Uninsured motorist coverage creates an enormous potential for Defendant Allstate to unscrupulously exert its unequal bargaining power at a time when its insureds are particularly vulnerable.

60.  For example, few insureds can afford to pay the costs of litigating or arbitrating their claims.

61.  Therefore, it is easy for Defendant Allstate to coerce insureds into a diminished settlement by placing on their insureds the unreasonable burden of having to bring a lawsuit to collect what they are entitled to under the policy in order to make themselves whole.

62.  Plus, it is easy for Defendant Allstate to bully insureds into accepting less than they are entitled to because most insureds desperately need the settlement proceeds to pay the bills arising out of their insured loss.

63. Under these circumstances, Defendant Allstate has the power, motive, and opportunity to act unscrupulously in the investigation and settlement of these claims.

64. And under these circumstances, Defendant Allstate has no incentive to pay in good faith, and has every incentive to delay payment in order to maximize profits by maximizing the financial return of holding onto money.

### **Prayer for Relief**

**WHEREFORE**, Ms. Lucero prays for judgment against Allstate in an amount to be proven at trial which is reasonable to compensate her for her injuries and losses, and for damages to be sustained in the future.

Ms. Lucero prays for punitive damages because Allstate acted in bad faith.

Ms. Lucero also prays for (1) the costs of this action, (2) pre- and post-judgment interest, (3) attorneys' fees, and any other relief which this Court may deem just and proper.

Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____

**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548
*Attorney for Plaintiff*

FILED IN MY OFF
DISTRICT COURT CLE
10/30/2015 3:12:21
James A. N
Chris P

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**GRACE CHRISTINE LUCERO,**

      **Plaintiff,**

**v.**                             **No.**  D-202-CV-2015-08312

**ALLSTATE INSURANCE COMPANY,**

      **Defendant.**

### PLAINTIFF'S CERTIFICATION
### REGARDING ARBITRATION UNDER LR2-603

I, Thomas J. Mescall, II, attorney for Plaintiff, certify that:

This case **is not** subject to referral to arbitration under Local Rule 2-603. At least one party seeks relief other than a month judgment and/or at least one party seeks an award in excess of $25,000.00 inclusive of punitive damages and exclusive interest, costs, and attorney fees.

I further certify that this case is at issue within the meaning of Section I, Paragraph C of Local Rule 2-603

Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____

**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548

*Attorney for Plaintiff*

FILED IN MY OFF
DISTRICT COURT CLE
10/30/2015 3:12:21
James A. N
Chris P

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**GRACE CHRISTINE LUCERO,**

  **Plaintiff,**

**v.**                                                    **No.**   D-202-CV-2015-08312

**ALLSTATE INSURANCE COMPANY,**

  **Defendant.**

## JURY DEMAND

Plaintiff requests a six-person jury.

Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____
**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548
*Attorney for Plaintiff*

FILED IN MY OFF
DISTRICT COURT CLE
10/30/2015 6:12:41
James A. N
Nadine Sper

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**GRACE CHRISTINE LUCERO,**

     **Plaintiff,**

**v.**                                      **No. D-202-CV-2015-08312**

**ALLSTATE INSURANCE COMPANY,**

     **Defendant.**

<u>**CERTIFICATE OF SERVICE**</u>

     I, Thomas J. Mescall, II, attorney for Plaintiff, certify that on October 31, 2015, I

served, via regular mail, the following pleadings on defendant Allstate Insurance

Company, c/o Rose Ann Archuleta of the Office of the Superintendent of Insurance:

- Complaint for Damages for Breach of Insurance Duties (court-endorsed)
- Plaintiff's Certification Regarding Arbitration Under LR2-603 (court-endorsed)
- Summons
- Jury Demand (court-endorsed)
- First Set of Interrogatories to Defendant Allstate
- Second Set of Interrogatories to Defendant Allstate
- Third Set of Interrogatories to Defendant Allstate
- First Set of Requests for Production to Defendant Allstate
- This Certificate of Service

                    Respectfully submitted,

                    **Mescall Law Firm, P.C.**

By: _____
                    **Thomas J. Mescall, II**
                    5201 Constitution Avenue NE
                    Albuquerque, New Mexico 87110
                    505.765.5548
                    *Attorney for Plaintiff*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

GRACE CHRISTINE LUCERO,

      Plaintiff,

v.                                                        No. D-202-CV-2015-08312

ALLSTATE INSURANCE COMPANY,

      Defendant.

## FIRST SET OF INTERROGATORIES
## TO DEFENDANT ALLSTATE

      **COMES NOW** the Plaintiff, pursuant to Rule 1-036 of the New Mexico Rules of Civil

Procedure, and requests that Defendant Allstate respond to the following Interrogatories within

45 days after service, or at an alternative date and time agreed upon by counsel.


**INTERROGATORY NO. 1:**     Please state the dollar value of Allstate's net worth in 2007.

      **ANSWER:**


**INTERROGATORY NO. 2:**     Please state the dollar value of Allstate's net worth in 2014.

      **ANSWER:**

**INTERROGATORY NO. 3:**      Please state the dollar value of Allstate's net assets in 2007.

      **ANSWER:**


**INTERROGATORY NO. 4:**      Please state the dollar value of Allstate's net assets in 2014.

      **ANSWER:**


**INTERROGATORY NO. 5:**      Please state the dollar value of Allstate's net income in
2014.

      **ANSWER:**


**INTERROGATORY NO. 6:**      Please state the dollar value of Allstate's net income in
2014.

      **ANSWER:**


Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____

**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548
*Attorney for Plaintiff*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

GRACE CHRISTINE LUCERO,

     Plaintiff,

v. ·                           No. D-202-CV-2015-08312

ALLSTATE INSURANCE COMPANY,

     Defendant.

## SECOND SET OF INTERROGATORIES
## TO DEFENDANT ALLSTATE

**COMES NOW** the Plaintiff, pursuant to Rule 1-036 of the New Mexico Rules of Civil

Procedure, and requests that Defendant Allstate respond to the following Interrogatories within

45 days after service, or at an alternative date and time agreed upon by counsel.

**INTERROGATORY NO. 7:**     In the State of New Mexico over the course of the past five
years, has Allstate ever been found liable for punitive damages? If so, please state the following:

     a.     The date of each lawsuit

     b.     The nature of the claims

     c.     The court in which each lawsuit was filed

     d.     The disposition of each lawsuit, including the amount of punitive damages

     **ANSWER:**

**INTERROGATORY NO. 8:**       In the State of New Mexico over the course of the past five years, has Allstate ever been found liable for breach of a fiduciary duty?  If so, please state the following:

    a.    The date of each lawsuit

    b.    The nature of the claims

    c.    The court in which each lawsuit was filed

    d.    The disposition of each lawsuit, including the amount of compensatory damages and punitive damages

    **ANSWER:**

**INTERROGATORY NO. 9:**       In the State of New Mexico over the course of the past five years, has Allstate ever been found liable for breach of the covenant of good faith and fair dealing?  If so, please state the following:

    a.    The date of each lawsuit

    b.    The nature of the claims

    c.    The court in which each lawsuit was filed

    d.    The disposition of each lawsuit, including the amount of compensatory damages and punitive damages

    **ANSWER:**

**INTERROGATORY NO. 10:**      In the State of New Mexico over the course of the past five years, has Allstate ever been found liable for violating the Trade Practices and Fraud Article (Article 16) of the Insurance Code?  If so, please state the following:

  a.      The date of each lawsuit

  b.      The nature of the claims

  c.      The court in which each lawsuit was filed

  d.      The disposition of each lawsuit, including the amount of compensatory damages and punitive damages

  **ANSWER:**

**INTERROGATORY NO. 11:**      In the State of New Mexico over the course of the past five years, has Allstate ever been found liable for violating the Unfair Practices Act?  If so, please state the following:

      a.      The date of each lawsuit

      b.      The nature of the claims

      c.      The court in which each lawsuit was filed

      d.      The disposition of each lawsuit, including the amount of compensatory damages and punitive damages

      **ANSWER:**

**INTERROGATORY NO. 12:**       In the State of New Mexico over the course of the past five years, has an Allstate insured recovered in a legal proceeding more than Allstate offered to settle an uninsured/underinsured claim?  If so, for each case please state the following:

   a.       The names and addresses of the insured

   b.       The name of counsel for the insured

   c.       The date and amount of the judgment or arbitration award

   d.       The date and amount of the last pre-judgment settlement offer

   e.       The nature of the claims

   f.       The court in which each lawsuit was filed

   **ANSWER:**

                                          Respectfully submitted,
                                          **Mescall Law Firm, P.C.**


                              By:        _____
                                          **Thomas J. Mescall, II**
                                          5201 Constitution Avenue NE
                                          Albuquerque, New Mexico 87110
                                          505.765.5548
                                          *Attorney for Plaintiff*

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**GRACE CHRISTINE LUCERO,**

      **Plaintiff,**

**v.**                                  **No. D-202-CV-2015-08312**

**ALLSTATE INSURANCE COMPANY,**

      **Defendant.**

**THIRD SET OF INTERROGATORIES**

**TO DEFENDANT ALLSTATE**

      **COMES NOW** the Plaintiff, pursuant to Rule 1-036 of the New Mexico Rules of Civil Procedure, and requests that Defendant Allstate respond to the following Interrogatories within 45 days after service, or at an alternative date and time agreed upon by counsel.

**INTERROGATORY NO. 13:**    Please list the name, job title, address, and phone numbers for all Allstate (current and former) employees involved in making the decision to offer $10,500 to settle Ms. Kramer's claim for uninsured motorist coverage in January 2014. Please indicate which employees are former employees.

      **ANSWER:**

**INTERROGATORY NO. 14:**       Please list all the documents that Allstate reviewed before deciding to offer $10,500 to settle Ms. Kramer's claim for uninsured motorist coverage in January 2014.

    **ANSWER:**

**INTERROGATORY NO. 15:**       Please describe Allstate's policies, procedures, and criteria in effect in 2014 for settling claims for uninsured motorist coverage.

    **ANSWER:**

Respectfully submitted,

**Mescall Law Firm, P.C.**

By: _____

**Thomas J. Mescall, II**
5201 Constitution Avenue NE
Albuquerque, New Mexico 87110
505.765.5548
*Attorney for Plaintiff*

Page 2 of 2

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

GRACE CHRISTINE LUCERO,

      Plaintiff,

v.                           No. D-202-CV-2015-08312

ALLSTATE INSURANCE COMPANY,

      Defendant.

## FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT ALLSTATE

**COMES NOW** the Plaintiff, pursuant to Rule 1-034 of the New Mexico Rules of Civil Procedure, and requests that Defendant Allstate produce the following documents for inspection and/or copying at the offices of Mescall Law Firm, P.C., 5201 Constitution Avenue N.E., Albuquerque, New Mexico, 87110, within 45 days after service of these requests, or at an alternative date and time agreed upon by counsel.

If you object to any request on the basis of privilege or work product: (1) explain fully the basis for your contention that such privilege exists; (2) specify what type of document is involved; (3) provide the date of the document; (4) provide the title and brief description of the subject matter of the document; and (5) identify all persons who drafted such document, all those privy to the contents of such document, and the current custodian of such document.

Please be aware that your duty to produce the requested material is continuous. In the event that such requested material is not available to you at this time, please send the requested material to us as soon as it is available.

1. A complete copy of the Claims File for Ms. Lucero's (formerly known as Ms. Kramer) claim for uninsured motorist coverage, including a copy of the file jacket (inside and out).

   A. For each and every portion of the file contained on computer, please produce a paper copy of each portion.

   B. If any information has been deleted from either the paper file or the computer file, please identify what documents/information was deleted, the contents of the same, and the reason for deletion.

   C. Include instructions regarding investigation and coverage questions.

   D. This request includes, but is not limited to, copies of all correspondence and communications including e-mails.

   E. This request includes, but is not limited to, copies of all diary notes by the adjustor(s).

2. A complete copy of the Claims File for Ms. Lucero's (formerly known as Ms. Kramer) claim for MedPay, including a copy of the file jacket (inside and out).

   A. For each and every portion of the file contained on computer, please produce a paper copy of each portion.

   B. If any information has been deleted from either the paper file or the computer file, please identify what documents/information was deleted, the contents of the same, and the reason for deletion.

   C. Include instructions regarding investigation and coverage questions.

   D. This request includes, but is not limited to, copies of all correspondence and communications including e-mails.

       E. This request includes, but is not limited to, copies of all diary notes by the

       adjustor(s).

3.  Copies of the documents identified in Interrogatory No. 14.

4.  Copies of all policies, procedures and protocols, in effect in 2014, for settling claims for

    uninsured motorist coverage.

5.  Copies of all complaints maintained pursuant to Section 59A-16-22, NMSA 1978.


                Respectfully submitted,
                **Mescall Law Firm, P.C.**

                By:_____
                **Thomas J. Mescall, II**
                5201 Constitution Avenue NE
                Albuquerque, New Mexico 87110
                505.765.5548
                *Attorney for Plaintiff*