IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GRACE CHRISTINE LUCERO,

    Plaintiff,

-vs-                                                                      No. CIV 15-1098 LH/KBM

ALLSTATE INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's First Motion for Partial Summary Judgment (Count I--Breach of Fiduciary Duty) ("Plaintiff's First Motion") (ECF No. 8), filed December 10, 2015, and Plaintiff's Motion to Certify Questions to the New Mexico Supreme Court ("Motion to Certify") (ECF No. 46), filed March 2, 2016. The Court, having reviewed the Motions, the accompanying memoranda, and the applicable law, and otherwise being fully advised, finds that Plaintiff's First Motion is not well taken and will be **denied** and Count I the Complaint for Damages for Breach of Insurance Duties ("Complaint"), the claim for Breach of Fiduciary Duty, will be **dismissed**. Additionally, Plaintiff's Motion to Certify will be **denied as moot**.

This dispute stems from Plaintiff Grace Christine Lucero's ("Lucero") claim for uninsured motorist ("UIM") coverage under her policy with Defendant Allstate Insurance Company

("Allstate") for a hit and run accident that occurred on February 14, 2013.[1]  Compl. (ECF No. 1-1) ¶¶ 8-9.  The parties arbitrated the UIM claim on July 9, 2015, and Lucero was awarded $83,000 in compensatory damages and $8,427.51 for costs incurred.  *Id.* at ¶¶ 20-22.  Plaintiff subsequently filed her Complaint in state court on October 30, 2015, alleging that Allstate "breach[ed] its duty to settle her claim for uninsured motorist coverage."  *Id.* at 1.  She brings claims of Breach of Fiduciary Duty in Count I, Breach of Covenant of Good Faith and Fair Dealing in Count II, Violation of the Trade Practices and Fraud Article of the Insurance Code: Section 59A-16-20(C) in Count III, Violation of the Trade Practices and Fraud Article of the Insurance Code: Section 59A-16-20(E) in Count IV, and Violation of the Unfair Practices Act in Count V, and asks for compensatory and punitive damages.  *Id.* at 4-10.  Defendant filed its Notice of Removal (ECF No. 1) on December 4, 2015, asserting jurisdiction in this Court based on diversity of citizenship. Shortly thereafter, Plaintiff moved for partial summary judgment on Count I, her claim for breach of fiduciary duty.  Subsequently, she moved to certify certain questions related to that cause of action to the New Mexico Supreme Court.[2]

---

[1]  Although Plaintiff states in her Complaint that the accident occurred on February 14, 2012, in her First Motion and accompanying affidavit she gives the date as February 14, 2013, which later date the Court adopts.  *Compare* Compl. ¶ 8 *with* P.'s First M. 3 ¶ 1 and Ex. A ¶ 1.

[2]  Plaintiff asked that the following questions raised in her First Motion be certified:

> (1)  Does an insurance company owe a fiduciary duty to its insured when handling its insured's claim for uninsured/ underinsured motorist coverage?
> (2)  When an insured presents a prima facie case that its insurance company violated this fiduciary duty, does the burden of proof rest on the insurance company to demonstrate that it fulfilled its fiduciary duty?
> (3)  And does the insurance company have to demonstrate that it fulfilled its fiduciary duty by clear and convincing evidence?

First M. 2.

In *Chavez v. Chenoweth*, the New Mexico Court of Appeals recognized that under certain circumstances a fiduciary relationship may exist between an insurer and its insured, with this relationship resulting in "the *duty of the insurer to deal in good faith* with its insured." 89 N.M. 423, 430, 553 P.2d 703, 710 (1976) (emphasis added); *see also Allsup's Convenience Stores, Inc. v. N. River Ins. Co.*, 127 N.M. 1, 15, 976 P.2d 1, 15 (1999) (parenthetically noting that in *Romero v. Mervyn's,* 109 N.M. 249, 255, 784 P.2d 992, 998 (1989), the New Mexico Supreme Court interpreted *Chavez* as holding that the "relationship between insurer and insured imposes fiduciary obligation on insurer to deal with insured in *good faith* in matters pertaining to the performance of the insurance contract" (emphasis added)).   Thus, the *Chavez* Court concluded that "[a] claim of a fiduciary relationship fails to state any additional claim upon which relief could be granted," beyond breach of the good faith duty.   89 N.M. at 430, 553 P.2d at 710.

Further evidence that "New Mexico does not recognize a cause of action for breach of a fiduciary duty in the insurance context independent of a bad-faith claim," is found in the New Mexico Uniform Jury Instructions.[3]   *Grasshopper Nat. Med., LLC v. Hartford Cas. Ins. Co.*, 2016 WL 4009834, at *30-33 (D.N.M. July 7, 2016).   In the chapter governing bad faith claims, Instruction 13-1708 is titled "Breach of Fiduciary Duty - No Instruction Drafted."   N.M.R.A., Civ. UJI 13-1708.   Citing *Chavez*, the Committee Commentary notes, "[w]hile the relationship between insurer and insured imposes a fiduciary obligation on the insurer to deal with the insured in good faith in matters pertaining to performance of an insurance contract, *no cause of action, apart from the action for bad faith, exists for the breach of this duty*."   *Id.* (emphasis added)

As did the *Grasshopper* Court, this Court finds these sources support the conclusion that

---

[3]   As noted in the *Grasshopper* opinion, the adoption of the instructions by the New Mexico Supreme Court establishes a presumption that they are a correct statement of law.   2016 WL 4009834, at *32 n.18 (citing *Back v. ConocoPhillips Co.*, 2012 WL 6846397, at *15 n.2 (D.N.M. Aug. 31, 2012) and *State v. Wilson*, 1994-NMSC-009, ¶ 5, 867 P.2d 1175, 1178).

    the Supreme Court of New Mexico would recognize that the relationship between an insurer and insured imposes a fiduciary obligation on the insurer to deal with the insured in good faith in matters pertaining to performance of an insurance contract, but that it would not recognize a cause of action, independent of bad faith, for a breach of a fiduciary duty.

2016 WL 4009834, at *32.  This conclusion requires the denial of Plaintiff's First Motion and the dismissal of Count I of her Complaint, Breach of Fiduciary Duty.[4]  *See id.* at 33.  Furthermore, Plaintiff's Motion to Certify being moot, it too will be denied.

WHEREFORE,

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Partial Summary Judgment (Count I--Breach of Fiduciary Duty) (ECF No. 8), filed December 10, 2015, is **DENIED**.

**IT IS FURTHER OREDERED** that Count I of the Complaint for Damages for Breach of Insurance Duties is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify Questions to the New Mexico Supreme Court (ECF No. 46), filed March 2, 2016, is **DENIED AS MOOT**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[4] In so finding, the Court need not and does not determine whether a fiduciary relationship exists between the parties under the facts alleged in this case.  *See Grasshopper*, 2016 WL 4009834, at *33.